IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff/ | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 09-232 (SLR) |
| | ) | |
| TELES AG INFORMATIONSTECHNOLOGIEN, | ) | |
| | ) | |
| Defendant/Counterclaim-Plaintiff. | ) | |
| TELES AG INFORMATIONSTECHNOLOGIEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 09-072 (SLR) |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>CISCO SYSTEMS INC.'S MOTION FOR LEAVE TO AMEND ITS PLEADINGS</u>**

Cisco Systems, Inc. ("Cisco") respectfully requests leave to amend its Answer to Teles AG Informationstechnologien's ("Teles") Amended Complaint in *Teles AG v. Cisco Systems, Inc.*, C.A. No. 09-072 (SLR) and its Reply to Defendant Teles AG Informationstechnologien's First Amended Counterclaims in *Cisco Systems, Inc. v. Teles AG*, No. 09-232 (SLR), to amend its inequitable conduct allegations. For the Court's convenience, proposed amended pleadings for each case have been attached as Exhibits A and B to the Shiferman Declaration, respectively.[1] These pleadings have been revised to add additional

---

[1] Pursuant to D. Del. LR 15.1, Exhibits C and D to the Shiferman Declaration reflect the substantive changes to the pleadings on file. The vast majority of Cisco's changes are

details to the draft proposed amended pleadings that were submitted with Cisco's Opposition to Teles' Rule 12(c) Motion for Judgment on the Pleadings to Dismiss Cisco's Inequitable Conduct Defense. (D.I. Nos. 141 (09-072), 61 (09-232)). The additional details were added after Teles' counsel refused to consent to the allegations of the draft pleadings on the unexplained assertion that those pleadings were still somehow insufficient under *Exergen*. Cisco submits that its proposed amended pleadings *are* sufficient to satisfy Rule 9(b), as the pleadings spell out in detail a proper basis for alleging inequitable conduct.

Motions to amend should be freely granted, absent improper delay or prejudice. This motion is timely, and Teles is not prejudiced by the amendments. The deadline for amending pleadings is not until October 1, 2009,[2] and discovery in this matter does not close until November 16, 2009. Moreover, Cisco has drafted its amended pleadings and filed this Motion to Amend without the benefit of ***any*** discovery from Teles. Without moving for a protective order, Teles unilaterally refused to respond to discovery concerning its conduct during the prosecution of the '453, 902 and '431 patents, and it also blocked depositions and document production from its prosecuting attorneys. The effect (and clear intent) of Teles' actions is to prevent Cisco from having any access to the highly relevant information in Teles' possession and control regarding the prosecution of the three patents in suit and the omission of the multiple pieces of material information identified in the proposed amended pleadings.

---

contained in the inequitable conduct allegations; however, Cisco has made other substantive changes to reflect developments in the natural course of the litigation. For clarity, non-substantive formatting changes (e.g., numbering) are not reflected in the comparisons.

[2] On May 13, 2009, the Court entered a Scheduling Order governing discovery in this case. That Order set an October 1, 2009 deadline to file all motions to amend pleadings, extended fact discovery until November 16, 2009, and set a trial date of August 9, 2010. Scheduling Order ¶ 3.

Teles is now trying to make a self-serving, partial disclosure of selected information in its possession regarding the inequitable conduct allegations. Teles only in the last few days reported to Cisco that an interview with the '431 examiner was allegedly held "in or around" December 2007 by Mr. DeLuca and unidentified Teles representatives, and the reexaminations were "raised" at the meeting, and that the examiner allegedly said it was "not necessary" to file anything concerning the reexaminations.[3]  Contrary to disproving Cisco's allegations of inequitable conduct, this report of a solitary oral disclosure in December 2007 confirms that neither Mr. Schindler nor Mr. DeLuca ever made any proper, full, non-misleading disclosure of the substance of the reexamination, or of subsequently occurring highly material facts such as, for example, the repeated and final rejection of the '453 and '902 claims by the Central Reexamination Unit after December 2007.  Nor did Mr. Schindler or Mr. DeLuca ever disclose Teles' own abandonment of claims from the '902 patent that were essentially identical or obvious variants to claims that Teles continued to push in the '431 application, which also

---

[3]  A copy of emails from Teles' counsel is attached as Shiferman Decl. Exhibit E.  In an initial email from September 11, 2009, counsel alleged: "after the reexaminations of the '453 and '902 Patent were ordered, an interview in the '431 Patent application was held with Primary Examiner Afsar M. Qureshi in which the reexaminations were raised."  Teles' counsel initially would not disclose, however, who was present at the alleged interview, when it occurred, what exactly was discussed and what was *not* discussed, whether there are any documents corroborating this alleged oral statement, and why there is no record of the interview in the '431 file history, in violation of the applicable regulations.  In a subsequent email received just before the filing of this motion, Teles' counsel added some details, alleging that:  "in or around December 2007, Vince DeLuca and Teles representatives conducted an interview with Examiner Qureshi in the application that issued as the '431 Patent.  During that interview, the reexaminations of the '453 and '902 Patents were raised and Examiner Qureshi indicated that he was aware of them.  Examiner Qureshi was asked whether Teles should file anything with regard to the reexaminations, and Examiner Qureshi indicated that was not necessary."  Teles still has not identified the "Teles representatives" and has not provided or identified any documents concerning or corroborating this alleged conversation with the examiner.

occurred after December 2007. And beyond that, the alleged oral discussion is meaningless. 37 C.F.R. 1.2 clearly states:

> All business with the Patent and Trademark Office should be transacted in writing. … The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

Here, there is definite disagreement and doubt. No record of the interview was ever made in a written submission, in violation of MPEP 713.04.[4] And there is no evidence anywhere in the prosecution record that, in fact, the '431 examiner was aware of the reexamination or took any of it into account. Under these circumstances, it is improper and unfair for Teles to refuse to allow Cisco the opportunity to conduct full discovery of this alleged new information.

Simply put, it is improper for Teles to complain about Cisco's supposed failure to allege detailed facts when Teles itself is deliberately withholding relevant information and refusing to allow Cisco to question the prosecuting attorneys to explain what happened and why they chose to disclose or not disclose material information. Cisco's allegations of inequitable conduct are supported by detailed information from the file histories and the paper record of both the '431 and '453 patent prosecutions and the reexaminations. Cisco's pleadings comply with Rule 9(b) and *Exergen*, and Cisco asks the Court to grant the motion to amend and order Teles to comply immediately with Cisco's longstanding discovery requests on inequitable conduct issues.

---

[4] Section 713.04 states: "A complete written statement as to the substance of any face-to-face, video conference, electronic mail or telephone interview with regard to the merits of an application must be made of record in the application, whether or not an agreement with the examiner was reached at the interview." There is no record whatsoever of the alleged interview here.

4

## I. BACKGROUND AND PROCEDURAL HISTORY

The background and procedural history as well as the factual basis for Cisco's inequitable conduct defense has been spelled out in considerable detail on pages 4 through 16 of Cisco's Opposition to Teles' Rule 12(c) motion. For the sake of brevity, we will not repeat that discussion here in full, but rather incorporate it by reference and provide a brief summary here.

As detailed in Cisco' pleadings, first filed on February 5, 2009 and Opposition to Teles Rule 12(c) motion, Cisco' inequitable conduct claim for the '431 patent is based, in part, on the deliberate decision of Vincent DeLuca, Teles's prosecuting attorney and Mr. Schindler, the inventor of the '431 patent and CEO of Teles, to violate their duty of candor to the examiner of the '431 patent by intentionally withholding, with intent to deceive, highly material information regarding the pending reexaminations of the '453 and '902 patents. *See* First Amended Answer, Affirmative Defenses and Counterclaims of Defendant Cisco Systems, Inc. (Shiferman Decl. Exhibit A), ¶¶ 23-61, 113-51. The omitted information includes the fact that the '453 and '902 patents, both of which had substantially identical claims to the pending '431 claims, were both under reexamination in the Patent Office, and that the Central Reexamination Unit of the Patent Office had repeatedly and finally rejected those claims as being anticipated or rendered obvious by multiple pieces of prior art. *See id.* ¶¶ 31, 39-50; 121, 128-39. A review of the file history for the '431 patent confirms that there is absolutely no record of the '431 patent examiner receiving any notice of, or having any knowledge of, even the existence of the reexaminations of the '453 and '902 patent, let alone the substance of the reexamination, such as the details of why and how the Central Reexamination Unit was rejecting multiple Teles' claims based on substantial new questions raised in multiple pieces of prior art. *See id.* ¶¶ 31-33, 36, 48; 121-23, 126, 138. Cisco also alleges that Mr. Schindler and Mr. DeLuca failed to disclose to

the '431 patent examiner the status and details of the litigation pending in D.C. between Cisco and Teles, in which the '453 and '902 patents were at issue, as well as particularly the interrogatory responses of Cisco in that litigation, which identified in detail numerous prior art references and set forth the reasons (including detailed claim charts for multiple references) why the claims of the '453 and '902 Patents were invalid in light of the prior art.  *See id.* ¶¶ 53, 57; 143, 147.

Cisco has also amended its allegations with the respect to Teles' inequitable conduct related to the '453 patent, where Mr. Schindler and his prosecuting attorneys Mr. Prout and Mr. Paciulan of the Christie, Parker & Hale LLP law firm withheld eighteen pieces of prior art that were cited against Teles' alleged invention in the Quintum nullity proceeding in Germany.  *See* Plaintiff Cisco Systems, Inc.'s First Amended Reply to Defendant Teles AG Informationstechnologien's First Amended Counterclaims (Shiferman Decl. Ex. B), ¶¶ 35-48. The cited references were material and not cumulative.  In fact, claim 1 of the European patent challenged in the Quintum nullity action is materially the same as Claim 21 later allowed in the '453 patent.  The failure of Mr. Schindler and the Christie attorneys to disclose the Quintum references, including particularly the "TAXI" reference discussed in detail in the amended allegations at ¶¶ 43-45, constitutes inequitable conduct for the reasons alleged.  *Id.*

## II.   ARGUMENT

Leave to amend pleadings should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a).  Although the determination of whether to grant or deny a motion to amend is within the discretion of the court, the Supreme Court has instructed that leave to amend should be granted "in the absence of … undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962). The Third Circuit has further instructed courts to take a liberal approach to amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

In the Third Circuit, the touchstone for the denial of an amendment is prejudice to the non-moving party. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (quoting *Adams v. Gould Inc.*, 739 F.2d 88, 868 (3d Cir. 1984)); *see Cordance Corp. v. Amazon.com*, 255 F.R.D. 366, 370 (D. Del. 2009). In proving prejudice, the non-moving party "must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Cordance Corp.*, 255 F.R.D. at 366 (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)). "In the absence of *substantial or undue* prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (emphasis added).[5]

There can be no "substantial and undue prejudice." Cisco asserted inequitable conduct defenses in these cases long ago, well before the Federal Circuit's recent decision in *Exergen Corp. v. Wal-Mart Stores, Inc.,* 2009 WL 2366535 (Fed. Cir. Aug. 4, 2009), which is

---

[5] This is not a situation in which Cisco must demonstrate "good cause" for the amendment under Fed. R. Civ. P. 16(b). The Third Circuit recognizes that motions to amend which, in effect, operate to change the scheduling order, are controlled by Rule 16(b). *Cordance Corp.*, 255 F.R.D. at 371; *see also E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 n.18 (3d Cir. 2000). Rule 16(b) states that "[a] schedule may be modified only for good cause and with the judge's consent." Because the deadline to amend pleadings is October 1, 2009, Cisco is not seeking to modify the scheduling order. Accordingly, this motion is properly evaluated under Rule 15(a), not Rule 16(b).

the case Teles now relies upon in its Rule 12(c) Motion. Teles did not timely file a Rule 12(b) motion to dismiss Cisco's inequitable conduct allegations, instead filing an Answer to Cisco's counterclaims. Accordingly, the parties had begun to conduct discovery on inequitable conduct including Cisco's timely served discovery requests on Teles and subpoenas on Teles' outside prosecution counsel, Novak Druce & Quigg LLP, on inequitable conduct issues, and Teles' *own* interrogatory directed towards Cisco's inequitable conduct defense.[6] Only recently, after the

---

[6] On June 5, 2009, only two months before its began objecting to all inequitable conduct discovery, Teles served its Interrogatory No. 19 to which Cisco provided a detailed response based on information available to it at this time:

> For each claim of the '453, '902, and '431 Patents that Cisco asserts is unenforceable due to inequitable conduct or Teles' breach of the duty of candor and good faith in dealing with the Patent Office, on a claim-by-claim basis state and fully explain each basis for such an assertion, including:
>
> (a) all facts regarding Teles' accused breach of the duty of candor and good faith in dealing with the Patent Office;
>
> (b) all documents, information, or knowledge you believe are material to any asserted claim of the '453, '902, and '431 Patents but were not before the appropriate member of the Patent Office;
>
> (c) why Teles had a duty to disclose any of the documents, information, and knowledge you identify above;
>
> (d) why any allegedly withheld document, information, or knowledge was not cumulative to the information made of record in the prosecution of the '453, '902, and '453 Patents or their respective reexaminations, including (1) what information was missing in the documents of record in the Patent Office at the time of the alleged inequitable conduct (such as, for example, what limitations of the patent claims were not disclosed in the prior art of record in the Patent Office); and (2) where that missing information is disclosed in the allegedly withheld document, information or knowledge; and
>
> (e) all evidence in Cisco's control or possession or which Cisco intends to assert that supports Cisco's claim that Teles

8

Federal Circuit's decision in *Exergen*, did Teles take issue with Cisco's inequitable conduct allegations.

Moreover, the proposed amendments are not futile. For all of the same reasons outlined in Cisco's Opposition to Teles Rule 12(c) Motion, which Cisco incorporates fully by reference, Cisco's amended pleadings meet the particularity requirement of Rule 9(b) and properly state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted."); *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 489 (D. Del. 2003) ("An amendment is deemed futile if it could not withstand a motion to dismiss."); *JP Morgan Chase & Co. v. Affiliated Computer Services, Inc.*, Civ. No. 08-189-SLR, 2009 WL 540673, at *2 (D. Del. Mar. 4, 2009) (noting that this court "generally reject[s] such futility arguments if they present substantive disputes, either of the law or of the facts.").[7] As demonstrated in that Opposition, Cisco's underlying inequitable conduct allegations plainly set out the specific "who, what, when, where and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 2009 WL 2366535, at *13;

---

        intentionally deceived or misled the Patent Office, including any evidence supporting Cisco's claim that Teles deliberately and knowingly withheld, omitted and/or misrepresented material information in connection with the prosecution of the '453, '902, or '431 Patents.

[7] Similarly, Cisco's infectious inequitable conduct claims cannot be said to be futile as Cisco has alleged facts that establish the patents-in-suit bear an immediate and necessary relation. *See, e.g., Bristol-Myers Squibb Co. v. Ben Venue Laboratories*, 90 F. Supp. 2d 522, 538 (D.N.J. 2000) (denying plaintiff's motion for summary judgment of no infectious unenforceability because there existed questions of fact as to whether there was an "immediate and necessary relation" between the patents-in-issue based on the similarity of claim language).

*see* Cisco's Opposition to Teles' Rule 12(c) Motion, at 18-27 (D.I. Nos. 141 (09-072), 61 (09-232)).

Additionally, there is no "truly undue or unexplained delay" in Cisco's proposed amendment. Cisco is not adding new theories to the case, but rather is providing additional detail for its previously asserted theories, in response to Teles' allegation that such additional detail was made necessary by the recently issued *Exergen* case. Further, and perhaps more importantly, Cisco is moving for leave to amend well in advance of the Court's October 1, 2009 deadline to amend pleadings. Thus, there can be no "undue" or "unexplained" delay. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006); *Eisai Co., Ltd.*, 247 F.R.D. at 448 ("Delay becomes undue, however, when it places an unwarranted burden on the court or an unfair burden on the opposing party."). Finally, there is no evidence of dilatory motive or bad faith that the Third Circuit has characterized as warranting denial of leave. *See Arthur*, 434 F.3d at 206. Rather, Cisco seeks leave as a direct consequence of Teles' refusal to provide discovery on inequitable conduct in an apparent attempt to prevent Cisco from meeting the October 1, 2009 deadline to amend pleadings.

**III.     CONCLUSION**

        For all of the foregoing reasons, Cisco respectfully requests that the Court grant its Motion for Leave to Amend its Pleadings to include its amended inequitable conduct allegations, as reflected in Exhibits A and B.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Cisco Systems, Inc.*

OF COUNSEL:

J. Anthony Downs
Lana S. Shiferman
GOODWIN PROCTER LLP
53 State Street
Boston, MA  02109
(617) 570-1000

September 14, 2009
3119377

**CERTIFICATE OF SERVICE**

I certify that on September 14, 2009, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Steven J. Balick, Esquire
>John G. Day, Esquire
>Tiffany Geyer Lydon, Esquire
>ASHBY & GEDDES

I further certify that I caused copies to be served upon the following on September 14, 2009 in the manner indicated:

**BY ELECTRONIC MAIL**
**and HAND DELIVERY**

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE  19801

**BY ELECTRONIC MAIL**

David W. Long, Esquire
Mark L. Whitaker
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)