# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELES AG INFORMATIONSTECHNOLOGIEN,<br>   Plaintiff<br> v.<br><br>CISCO SYSTEMS, INC.,<br>   Defendant. | ) ) ) ) ) ) ) ) ) | C. A. No. 09-072-SLR |
| CISCO SYSTEMS, INC.,<br>   Plaintiff/<br>   Counterclaim-Defendant,<br> v.<br><br>TELES AG INFORMATIONSTECHNOLOGIEN,<br>   Defendant/ Counterclaim-Plaintiff. | ) ) ) ) ) ) ) ) ) ) | C. A. No. 09-232-SLR |
| TELES AG INFORMATIONSTECHNOLOGIEN,<br>   Plaintiff,<br> v.<br><br>QUINTUM TECHNOLOGIES, LLC,<br>   Defendant. | ) ) ) ) ) ) ) ) ) | C. A. No. 06-197-SLR |

## TELES' MOTION TO AMEND ITS
## PLEADINGS IN THE CISCO AND QUINTUM CASES

Teles AG Informationstechnologien ("Teles") respectfully requests leave to amend its pleadings in the pending actions against Cisco Systems, Inc. ("Cisco") and Quintum Technologies, LLC ("Quintum") (Cisco and Quintum collectively as "Defendants"). Teles' amendments are based on two events that arose after the pleadings were filed:

**Patent Assignment**. First, Teles recently assigned its ownership rights in the patents-in-suit to its affiliate Sigram Schindler Beteiligungsgesellschaft mbH ("SSBG"), making SSBG the current owner of the patents. SSBG has a controlling interest in Teles. The sole shareholder of SSBG is Prof. Sigram Schindler who (i) founded Teles over 25 years ago, (ii) has actively lead

Teles as CEO since its founding and (iii) is the principal inventor of the patents-in-suit. SSBG plainly should be added as a party to these actions, but Defendants oppose this amendment.

**Bifurcation**. Second, the Court bifurcated these actions into liability and damages phases as part of this Court's efforts to manage its docket in one of the nation's busiest districts for patent litigation. The Court may find judicial efficiency best served by entry of a final judgment on infringement, validity and enforceability of the patents after the liability trial in August 2010. The Court, however, might not be able to enter a Rule 54(b) final judgment on Teles' current infringement claims if the damages phase of those claims is still pending. Teles, therefore, seeks to add claims for declaratory judgment that Cisco and Quintum infringe one or more valid and enforceable claims of the patents-in-suit. Such claims for declaratory relief will be fully adjudicated and ripe for entry of Rule 54(b) final judgment after the liability phase of these actions, because the specific relief sought is a declaration of rights and not damages. Defendants have not opposed this amendment.

I.  **Background and Procedural History**

The patents-in-suit are involved in three related cases on coordinated schedules:

***Cisco v. Teles* (No. 09-232)**. Cisco initiated this litigation by bringing a declaratory judgment action against Teles on the '453 Patent in the District of Columbia in October 2005.[1] Teles timely responded with an answer and counterclaim for the infringement of the '453 Patent.[2] In February 2007, Teles amended its counterclaims to include a claim for infringement of the recently issued '902 Patent (a continuation of the '453 Patent).[3] In early 2009, this litigation was transferred here for coordination with the related Cisco and Quintum litigations discussed below.

***Teles v. Cisco* (No., 09-072)**. In January 2009, Teles filed suit against Cisco in this Court for Cisco's infringement of the recently issued '431 Patent (a continuation of the '902 Patent).[4]

---

[1] Cisco Complaint (C.A. No. 09-232, D.I. 1).

[2] Teles Answer (C.A. No. 09-232, D.I. 9).

[3] Teles First Amended Answer and Counterclaims (C.A. No. 09-232, D.I. 41).

[4] Teles Complaint (C.A. 09-072 D.I. 1)

***Teles v. Quintum* (No. 06-197)**. In March 2006, Teles filed suit against Quintum in this Court for Quintum's infringement of the '453 Patent. In December 2006, Teles amended its Complaint to include a claim for infringement of the recently issued '902 Patent.

**Bifurcation**. By order on May 13, 2009, the Court coordinated the schedules for the Cisco and Quintum actions and issued a scheduling order bifurcating the case.[5] Trial on liability is scheduled for August 2010 to be followed by damages discovery and trial.[6]

**Patent Assignment**. A few months ago, Teles assigned the patents-in-suit to SSBG.[7] Attached as Exhibit 4 is a certified English translation of the "Purchase And License Agreement" contract assigning the patents (non-ownership information is redacted). Also attached as Exhibit 5 are "Confirmation Of Assignment" documents for each of the patents-in-suit that were recorded in the U.S. Patent Office to further confirm the assignment. These documents leave no doubt that Teles transferred all past, present and future rights in the patents-in-suit to SSBG:

- "TELES **sells and herewith assigns** the PATENTS … **to SSB** … the rights mentioned above **become the exclusive property of SSB**"[8]

- "Assignor [TELES] has **sold, transferred and assigned** to the Assignee [SSBG], and by this document hereby **sells, transfers and assigns** to Assignee, **all of its rights, past, present and future**, to the Invention."[9]

## II.     Argument

Leave to amend pleadings should be "freely given when justice so requires."[10] The determination of whether to grant or deny a motion to amend is within the discretion of the court.[11] Leave to amend should be granted in the absence of "undue delay, bad faith or dilatory

---

[5] Scheduling Order (C.A. 09-232 D.I. 106) (C.A. 09-072 D.I. 20).

[6] Scheduling Order ¶ 2 (C.A. 09-232 D.I. 106) (C.A. 09-072 D.I. 20).

[7] Confirmation of Assignment (Ex. 5). .

[8] Purchase And License Agreement at 2 (Ex. 4).

[9] Confirmation of Assignment (Ex. 5).

[10] Fed. R. Civ. P. 15(a).

[11] *Forman v. Davis*, 371 U.S. 178, 182 (1962).

motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."[12]

In this case, Teles timely seeks in good faith to amend the pleadings to account for recently changed circumstances within the time period allowed by the Scheduling Order. Specifically, Teles has attached both the proposed amended pleadings and blacklines showing the differences from the original pleadings as follows:

*Cisco v. Teles*, **No. 09-232**: Proposed amendment (Ex. 1.A) and blackline (Ex. 1.B) of Teles' First Amended Answer and Counterclaim (original D.I. 41)

*Teles v. Cisco*, **No. 09-072**: Proposed amendment (Ex. 2.A) and blackline (Ex. 2.B) of Teles' Complaint (original D.I. 1)

*Teles v. Quintum*, **No. 06-197**: Proposed amendment (Ex. 3.A) and blackline (Ex. 3.B) of Teles' First Amended Complaint (original D.I. 28)

### A. SSBG Owns The Patents-In-Suit And Should Be Added As A Party

As discussed, Teles recently assigned its ownership rights in the patents-in-suit to SSBG. This is shown by the plain language of the "Purchase And License Agreement" (Exhibit 4 at 2):

> **2** **Patent Assignment, Key Date**
>
> 2.1 TELES sells and herewith assigns the PATENTS that are described, as well as the rights to being granted a patent with all associated rights and obligations to SSB. TELES consents to the corresponding transfers in the corresponding registers.
>
> 2.2 On the day of the execution of this agreement, the rights mentioned above become the exclusive property of SSB.
>
> 2.3 Upon request by SSB, TELES will administer the rights resulting from the PATENTS for SSB with respect to third parties as per number 5.

---

[12] *Id*.

Following execution of that contract, and leaving little doubt about the import of it, Teles signed and filed with the Patent Office a "Confirmation of Assignment" (Exhibit 5) for each of the patents-in-suit that confirmed "all of its rights, past, present and future" were assigned by Teles (the "Assignor") to SSBG (the "Assignee"):

> Therefore, for 1 (one) Euro and other consideration, the receipt and sufficiency of which is hereby acknowledged, and by agreement dated June 30/July 2, 2009, Assignor has sold, transferred and assigned to Assignee, and by this document hereby sells, transfers and assigns to Assignee, all of its rights, past, present and future, to the Invention granted by said prior assignment.

These documents leave no room for doubt that SSBG is the owner of the patents-in-suit. Accordingly, the certified translation – as well as the original German document itself – were produced to Cisco in redacted form to provide all the information relevant to ownership, but exclude sensitive financial and other information that have nothing to do with ownership. At the recent September 29 hearing, the Court agreed that financial information within the assignment document would not be relevant to the ownership issue and pressed the Defendants' counsel to explain otherwise – they could not.

Teles is not just standing on circumstance in redacting the non-ownership information. Teles is concerned about the potential misuse Defendants would make of sensitive financial and other information that is not relevant here. Specifically, the Defendants have sought invasive discovery requests into how a smaller company like Teles can afford to keep up litigation against the behemoth that is Cisco. Such discovery has no proper purpose. Defendants – including their counsel – should not be made privy to Teles and SSBG's confidential litigation financing and arrangements, which information could be exploited for improper purposes.

Defendants oppose adding SSBG to the case, claiming that discovery on the assignment is required before they would consent to the amendment.[13] Defendants have not explained why the clear language provided does not establish ownership or what other specific issue they have

---

[13] Email Correspondence of Sep. 30, 2009 (Ex. 6).

in mind.  Defendants identified only a single provision in the assignment document that – for some undisclosed reason – they deemed relevant to the ownership issue presented here, stating:

> There are key relevant portions of the agreement that have been redacted.  For example, Section 2.3 refers to Teles's "administration" of the patents, but the section explaining what that means (Section 5) has been completely redacted.[14]

Administration of the patents, of course, has nothing to do with **ownership** of the patents.  Teles, therefore, asked Defendants to explain its issue here:[15]

> Cisco has not explained its basis for believing that such "administration" has anything to do with **ownership**.  The Section 5 concerns direction of legal proceedings concerning the patents and costs in such proceedings, which have nothing to do with **ownership** of the patents.  If Cisco has some authority to the contrary, we would welcome an opportunity to review and discuss it (we are aware of none).

Rather than specifically respond to Teles' direct inquiry, Defendants skirted the issue and concluded that "We [Defendants] suggest that Teles proceed with the filing of its motion" and "we [Defendants] will take a position on the entirety of the motion once we have had a chance to review it and the amended pleading."[16]

Hence the instant motion seeking to add SSBG to the pleadings.  SSBG, as the owner of the patents-in-suit, plainly is a necessary party to this action: "The presence of the owner of the patent as a party is indispensable" in a patent case.[17]  Not only can SSBG be properly joined as a party in this case, but it should be joined.  Adding SSBG to the case will not impose additional discovery burdens given the close relationship that has long-existed between Teles and SSBG.

Amendment in this instance also is timely.  Teles is moving to amend within the October 1 deadline for doing so and after giving Cisco timely notice of the assignment.  Accordingly,

---

[14] *See Id.*

[15] *Id.*

[16] *Id.*

[17] *Abbott Lab. v. Diamedix Corp.*, 47 F.3d 1128, 1131 (Fed. Cir. 1995) (*quoting Independent Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 468 (1926))

- 6 –

there is no "undue delay, bad faith, or dilatory motive" on Teles' part. Accordingly, Teles requests leave to add SSBG to these actions as the owner of the patents-in-suit.[18]

### B. Teles' Proposed Declaratory Judgments Will Serve Judicial Economy

The Court recently bifurcated these actions into liability and damages phases. This calls into question whether the Court may enter a final judgment after the liability trial on Teles' infringement actions, because damages for such infringement actions would still be pending.

Teles, therefore, proposes adding declaratory judgment actions: *i.e.*, actions seeking a judgment declaring that Cisco and Quintum infringe one or more valid and enforceable claims of the patents-in-suit. Such declaratory judgment actions will ensure that the Court has an option to enter a Rule 54(b) final judgment after the liability trial. Such Rule 54(b) final judgment would be proper, because the declaratory judgment actions would be complete after the liability phase – i.e., the complete relief sought is the declaration of rights (and not damages). Such a final judgment would be appealable to the Federal Circuit at the same time – or prior to – the damages phase of Teles' traditional infringement actions.[19]

For example, in *E.I. DuPont de Nemours v. Phillips Petroleum*, this Court considered just this situation: a declaratory judgment claim in a case in which trial on damages and liability were bifurcated.[20] Following a finding of validity and infringement, the patentee moved for entry of final judgment - not on its infringement claim, but on the defendant's declaratory judgment of

---

[18] Teles is not an owner of the patents and need not remain a party in the case once SSBG is added. But, Teles is hesitant to be dismissed as a party in the event that Defendants have some unarticulated plan to challenge whether Teles is a necessary party to this litigation. Teles and SSBG agree, therefore, it is more prudent and practical for Teles to remain a party in the litigation, because a judgment may be void if a necessary party is not in the case, but such judgment would stand even if an unnecessary party was in the case. Teles is willing to remain in the case to provide this procedural safeguard for the benefit of the parties and the Court.

[19] To be clear, Teles is not proposing at this time which route to take – that is a decision to be made later at the proper time – but Teles seeks this amendment now to ensure that the Court has a final judgment option when the appropriate time arises.

[20] *E.I. DuPont de Nemours& Co. v. Phillips Petroleum Co.*, 720 F. Supp. 373 (D. Del. 1989).

invalidity and noninfringement.[21] Finding "two individual cognizable claims for relief . . . the counterclaim at issue and DuPont's claim for infringement," and that the liability decision was an "ultimate decision" on the declaratory judgment counterclaim,[22] the Court directed entry of a final judgment on the counterclaim for a declaratory judgment pursuant to Rule 54(b).[23]

Defendants have not objected to this proposed amendment. Amendment in this case is not futile because this Court has subject matter jurisdiction for Teles' declaratory judgment claims: "If ... a party has actually been charged with infringement of the patent, there is, necessarily, a case or controversy adequate to support jurisdiction at that time."[24] And Defendants would suffer no prejudice by this amendment, because the declaratory judgment actions would be directed towards subject matter already at issue in this case.

## III.     Relief Sought

Teles respectfully requests leave to amend its pleadings in the Cisco and Quintum actions to (1) add the current patent owner SSBG as a party and (2) add declaratory judgment actions based on subject matter in the pending infringement actions.

---

[21] *Id*. at 378.

[22] *Id*. at 380.

[23] *Id*. at 387.

[24] *Cordance Corp. v. Amazon.com, Inc.*, 521 F. Supp.2d 340, 343 (D. Del. 2007).

{00337822;v1}

|  |  |
|---|---|
| *Of Counsel:*<br><br>David W. Long<br>Mark L. Whitaker<br>Monica Lateef<br>HOWREY LLP<br>1299 Pennsylvania Ave., NW<br>Washington, DC 20004<br>(202) 783-0800<br><br>Dated: October 1, 2009 | ASHBY & GEDDES<br><br>*/s/ Tiffany Geyer Lydon*<br>_____<br>Steven J. Balick (I.D. #2114)<br>John G. Day (I.D. #2403)<br>Tiffany Geyer Lydon (I.D. #3950)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>302-654-1888<br>sbalick@ashby-geddes.com<br>jday@ashby-geddes.com<br>tlydon@ashby-geddes.com<br><br>***Attorneys for Plaintiff***<br>***Teles AG Informationstechnologien*** |

# CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1.

I hereby certify that counsel for Teles made a reasonable effort to reach agreement on the attached motion with counsel for Cisco and Quintum, but that no agreement could be reached.

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon

{00337822;v1}

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TELES AG INFORMATIONSTECHNOLOGIEN,<br>　　　　Plaintiff<br>　v.<br>CISCO SYSTEMS, INC.,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C. A. No. 09-072-SLR |
| CISCO SYSTEMS, INC.,<br>　　　　Plaintiff/<br>　　　　Counterclaim-Defendant,<br>　v.<br>TELES AG INFORMATIONSTECHNOLOGIEN,<br>　　　　Defendant/ Counterclaim-Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C. A. No. 09-232-SLR |
| TELES AG INFORMATIONSTECHNOLOGIEN,<br>　　　　Plaintiff,<br>　v.<br>QUINTUM TECHNOLOGIES, LLC,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C. A. No. 06-197-SLR |

## **ORDER**

This _____ day of _____, 2009, the Court having considered Teles' motion to amend its pleadings in the Cisco and Quintum cases, and having concluded that there are good grounds for the requested relief; now therefore, IT IS HEREBY ORDERED as follows:

Teles' motion is GRANTED, and Teles has leave to file its amended pleadings.

_____
United States District Judge

{00337822;v1}