IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CISCO SYSTEMS, INC., | ) | |
|     Plaintiff/ | ) | |
|     Counterclaim-Defendant, | ) | |
| | ) | |
|     v. | ) | C.A. No. 09-232 (SLR) |
| | ) | |
| TELES AG | ) | |
| INFORMATIONSTECHNOLOGIEN, | ) | |
|     Defendant/Counterclaim-Plaintiff. | ) | |
| TELES AG | ) | |
| INFORMATIONSTECHNOLOGIEN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | C.A. No. 09-072 (SLR) |
| | ) | |
| CISCO SYSTEMS, INC., | ) | |
|     Defendant. | ) | |
| TELES AG | ) | |
| INFORMATIONSTECHNOLOGIEN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | C.A. No. 06-197 (SLR) |
| | ) | |
| QUINTUM TECHNOLOGIES LLC, | ) | **REDACTED –** |
|     Defendant. | ) | **PUBLIC VERSION** |

## DEFENDANTS' ANSWERING BRIEF
## IN OPPOSITION TO TELES' MOTION TO AMEND

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Cisco Systems, Inc. and
Quintum Technologies, LLC*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... ii

NATURE AND STAGE OF THE PROCEEDING..................................................1

SUMMARY OF ARGUMENT ...............................................................................1

STATEMENT OF FACTS .......................................................................................2

ARGUMENT ...........................................................................................................7

I.     THE PROPOSED AMENDMENT TO ADD SSBG AS A PARTY SHOULD
NOT BE GRANTED AT LEAST UNTIL TELES DISCLOSES THE FULL
TERMS AND CONDITIONS OF THE ALLEGED ASSIGNMENT OF THE
PATENTS TO SSBG.......................................................................................7

II.    THE PROPOSED AMENDED PLEADINGS ARE IMPROPER BECAUSE
TELES WOULD REMAIN AS A PLAINTIFF, AND DEFENDANTS SHOULD
NOT BE RESTRICTED IN THEIR ABILITY TO TAKE DISCOVERY FROM
TELES SIMPLY BECAUSE TELES HAS TRANSFERRED OWNERSHIP TO
ITS PARENT HOLDING COMPANY, SSBG..............................................9

III.   TELES' PROPOSED AMENDMENTS TO ADD DECLARATORY JUDGMENT
CLAIMS ARE UNNECESSARY ................................................................12

IV.   THE PROPOSED AMENDMENT EXPANDING THE LIST OF CISCO'S
"ACCUSED PRODUCTS" SHOULD NOT BE ALLOWED .....................13

      A.      In Case No. 09-232, Teles Fails to Allege Sufficient Facts To Explain
Any Basis for Accusing Newly Added Products That On Their Face Do
Not Infringe the '902 and '453 Patents.............................................15

      B.      Teles' Proposed Amended Pleadings for No. 09-072 and No. 06-197
Should Not be Allowed Because They Fail To Identify Any Infringing
Products or Method.............................................................................16

CONCLUSION.......................................................................................................18

*Accenture Global Services GMBH v. Guidewire Software Inc.*,
    581 F. Supp. 2d 654 (D. Del. 2008)...................................................................... 13-14

*Acme Precision Products, Inc. v. American Alloys Corp.*,
    422 F.2d 1395 (8th Cir. 1970) ...............................................................................11

*Afros v. Krauss-Maffei*,
    113 F.R.D. 127 (D. Del. 1986) ...............................................................................11

*Ashcroft v. Iqbal*,
    __ U.S. __, 129 S.Ct. 1937 (2009) ................................................................. *passim*

*Bell Atlantic Corporation v. Twombly*,
    550 U.S. 544 (2007)........................................................................................ *passim*

*Brunswick Corp. v. Suzuki Motor Co.*,
    96 F.R.D. 684 (E.D. Wis. 1983) ........................................................................ 10-11

*Classen Immunotherapies, Inc. v. Biogen IDEC*,
    381 F. Supp. 2d 452 (D. Md. 2005) .......................................................................15

*E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*,
    720 F. Supp. 373 (D. Del. 1989)........................................................................ 12-13

*Fharmacy Records v. Nassar*,
    248 F.R.D. 507 (E.D. Mich. 2008) ..................................................................... 11-12

*Fifth Market, Inc. v. CME Group, Inc.*,
    C.A. No. 08-520-GMS (D. Del. May 14, 2009) ........................................................14

*Gerling Int'l Ins. Co. v. C.I.R.*,
    839 F.2d 131 (3d Cir. 1988)....................................................................................11

*Heraeus Electro-Nite Co.v. Midwest Instrument Co., Inc.*,
    2006 WL 3004877 (E.D. Pa. Oct. 18, 2006).......................................................... 11-12

*In re Richardson-Merrell, Inc.*,
    97 F.R.D. 481 (D.C. Ohio 1983)......................................................................... 10-11

*Katz v. Lear Siegler, Inc.*,
    1993 WL 262564, 5 F.3d 1502 (Fed. Cir. 1993) (table op.)..........................................8

*LivePerson, Inc. v. NextCard, LLC,*
    2009 WL 742617 (D. Del. Mar. 20, 2009) ........................................................ 13-14

*Magnesystems, Inc. Nikken, Inc.,*
    933 F. Supp. 944 (C.D. Cal. 1996) ...............................................................13

*Marc Rich & Co., A.G. v. United States,*
    707 F.2d 663 (2d Cir.1983)........................................................11

*Ondeo Nalco Co. v. EKA Chems., Inc.,*
    2002 WL 1458853 (D. Del. June 10, 2002)......................................14

*Poly-America, L.P. v. GSE Lining Tech., Inc.,*
    383 F.3d 1303 (Fed. Cir. 2004)....................................................... 9-10

*Rite-Hite Corp. v. Kelley Co., Inc.,*
    56 F.3d 1538 (Fed. Cir. 1995)...................................................... 9-10

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.,*
    402 F.3d 1198 (Fed. Cir. 2005)................................................4, 9

*Sicom Sys., Ltd. v. Agilent Techs., Inc.,*
    427 F.3d 971 (Fed. Cir. 2005).....................................................4, 9

*TM Patents, L.P. v. Int'l Business Machines Corp.,*
    121 F. Supp. 2d 349 (S.D.N.Y. 2000).........................................8

*Transcontinental Fertilizer Co. v. Samsung Co.,*
    108 F.R.D. 650 (E.D. Pa. 1985)...............................................11

*View Eng'g. Inc. v. Robotic Vision Sys., Inc.,*
    208 F.3d 981 (Fed. Cir. 2000)............................................... 14-15

*Voda v. Cordis Corp.,*
    536 F.3d 1311 (Fed. Cir. 2008).............................................. 9-10

## NATURE AND STAGE OF THE PROCEEDING

Defendants Cisco Systems, Inc. and Quintum Technologies, Inc. (collectively "Defendants") hereby oppose Teles' October 1, 2009 motion to amend.

## SUMMARY OF ARGUMENT

Teles' proposed amended pleadings are improper because, among other things, (i) they keep Teles as a party plaintiff even though Teles admits that it no longer owns the patents-in-suit and thus no longer has standing to sue; (ii) they are based on a purported transfer of ownership interests from Teles to its parent holding company SSBG, the full terms and conditions of which Teles and SSBG have refused to disclose to Defendants or to the Court; (iii) Teles and SSBG have threatened to force Defendants to go through the Hague Convention to take any further discovery from Teles in this case if Defendants do not consent to the amendments and allow Teles to remain in the case as a plaintiff; and (iv) Teles and SSBG are trying improperly – and without any discussion of the issue in any meet-and-confer process – to use the amended pleadings to expand the scope of the Cisco accused products without complying with the Rule 8 pleading standards as set forth by the Supreme Court in the recent cases of *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009).

For these reasons, the new proposed pleadings are improper and Teles' motion for leave to file its proposed amended pleadings should be denied. Defendants also ask the Court to order Teles and SSBG to disclose on an "outside counsel eyes only" basis the full details of the transaction in which ownership of the patents was allegedly transferred, so that Defendants can confirm exactly what rights were or were not conferred to SSBG and under what terms and conditions. And Defendants ask the Court to order Teles and SSBG to continue to conduct

discovery and make their witnesses available as if Teles were a party to this case, so as not to cause the undue prejudice that Defendants would suffer if Teles and SSBG were allowed to use a mid-lawsuit change of ownership between two related foreign entities to block or delay the Defendants' long-standing discovery requests.

## STATEMENT OF FACTS

Since 2005, Teles has been actively pursuing its infringement claims against the Defendants, Cisco and Quintum, in separate lawsuits.  Throughout these cases, and particularly in the proceedings in the District of Columbia against Cisco, Teles repeatedly argued that there was a need for prompt resolution because Teles was supposedly being prevented by the Defendants from competing successfully in the U.S. for sales of the Teles "voice over IP" products.  Then, in early August 2009, Teles informed Defendants that Teles no longer owned the patents-in-suit, but that it had assigned ownership to a its parent holding company, SSBG. SSBG is allegedly solely owned by Teles' CEO, Prof. Sigram Schindler, who is also the lead inventor of the patents-in-suit.  SSBG also allegedly holds a controlling interest in Teles.  *See* Motion to Amend at 1.  Such a transfer could significantly change the complexion of the case and the remedies available to the plaintiff, because SSBG itself does not sell any products or compete with either Cisco or Quintum.

As evidence of this alleged change of ownership, Teles' counsel initially disclosed only a "confirmation of assignment" that Teles had filed with the Patent Office, but no assignment documents.  During a meet and confer session on Teles' request to add SSBG as a party, Defendants asked to see a copy of the actual assignment documents that are referenced in the "confirmation of assignment."  Teles initially refused, and then ultimately produced the heavily redacted agreement between Teles and SSBG that is now attached as Exhibit 5 to Teles'

Motion to Amend. As the Court can see from Exhibit 5, Teles has redacted the entire preamble of the agreement and at least six sections, ██████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████████ Upon review of the redacted agreement, Defendants' counsel asked to see an unredacted copy of the agreement, in order to understand the full terms of what was granted and what rights were reserved.

In response, Teles refused to provide an unredacted copy of the agreement. Instead, Teles' counsel demanded that Defendants first demonstrate that the terms *that Teles was withholding* were relevant to ownership and standing. Teles' counsel also refused to provide Defendants with a copy of the proposed amended pleadings, even when asked to do so as part of the meet-and-confer process.[1] And, at the same time, Teles' counsel stated that Teles intended to continue as a party plaintiff even though it had supposedly transferred all its rights to SSBG. When Defendants inquired into Teles' reasons for remaining a party in these cases, counsel for SSBG and Teles explained that Teles should remain a party just in case, as part of a "belt and suspenders" approach. Defendants understandably balked at consenting to an amended pleading that counsel had never seen, based on an alleged transfer of ownership as to which Teles refused to disclose the full terms and conditions, and as to which Teles was seeking to remain in the case even though its basis for remaining as a plaintiff was undisclosed.

When Defendants declined to agree that Teles should remain a party to these cases, Teles' counsel took it a step further by threatening to impede and delay Defendants' long-standing discovery due from Teles if Defendants did not consent to the motion to amend and

---

[1]     The amended pleading as filed in support of Teles and SSBG's motion to amend included changes that were not disclosed to Defendants during the meet and confer process.

allow Teles to remain in the case, stating that: "I also note that, if Teles were dismissed as a party to this case, then Cisco and Quintum would need to proceed with discovery from Teles as a third-party and all the protections that affords Teles (e.g., Hague Convention etc.)." *See* Teles Ex. 6 at p. 4. This threat was made on September 30, with the close of fact discovery only two and a half months away. Even today, Teles has not yet confirmed specific deposition dates for each of the witnesses in response to deposition notices that were served some time ago by Defendants.[2]

At the September 29 conference with the Court, Teles raised the issue of its proposed Motion to Amend. This Court determined that Teles should file its motion to amend by the October 1, 2009 deadline for amendments. During the entire discussion of Teles' proposed amended pleadings – both in the "meet and confer" sessions and before the Court on September 29 – Teles did not disclose that it also intended to change its original pleadings to add new products to the list of "accused products" that appeared in the original pleadings against Cisco.

On October 1, 2009, Teles filed its motion in all three cases. In the proposed amended pleadings, Teles and SSBG continue to name Teles as a plaintiff, and to request relief in the form of damages and injunctive relief on behalf of Teles, even though the amended allegations state that "Teles has assigned all rights in the '453 patent to SSBG," and that SSBG is the sole owner of the patents-in-suit. *See, e.g.,* Teles Ex. 1.A at ¶¶ 6-10; Teles Ex. 2.A at ¶¶ 2-4; Teles Ex. 3.A at ¶¶ 2-3. Teles is alleged only to be a former owner of the patents and now a non-exclusive licensee of the patents. *Id.* Teles' status as a non-exclusive licensee does not give it

---

[2]    Teles has also not yet completed its document production, as it is still withholding emails pending the Court's resolution of the email issue, and discovery on inequitable conduct.

standing to sue. *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005); *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1202-03 (Fed. Cir. 2005). Nonetheless, Teles still purports to state a claim and to seek affirmative relief in all three draft amended pleadings, including apparently as an infringement and declaratory judgment plaintiff. *See, e.g.* Teles Ex. 1.A at 3 (Prayer for Relief), 4 (Nature of the Case), and ¶¶ 13-32; Teles Ex. 2.A at 4 & Prayer for Relief; Teles Ex. 3.A at ¶¶ 29, 32 and Prayer for Relief. Teles has also added proposed new declaratory judgment claims against Cisco and Quintum for a declaration of infringement and validity of the patents.

In addition, Teles' proposed amended pleadings in C.A. No. 09-232 against Cisco (based on the '453 and '902 patents) now contain an extended list of accused products that adds more than 200 new products in multiple new product categories. *See, e.g.,* Teles Ex. 1.B (redlined version) at 7-10. Teles' original pleadings had only identified certain specific Cisco router products as accused. Now, the newly added accused products include, for example: High Density Analog Modules, Foreign Exchange Modules, Other Voice and Interface Modules, Wireless Interface Modules, CallManager and CallManager Express software, Cisco Survivable Remote Telephony software, MCS 7800 Servers; MCS 6700 Servers, ICS 7750 Servers; Catalyst Express 500, 3560, 3770 and 4500 Switches, Cisco IP phones, Gateways, Analog Telephone Adapters, ISDN Adapters/Modules, and Wireless Access Points. *Id.* Nowhere in the amended pleadings, however, does Teles explain the basis for asserting that any of these newly added products infringe the patents-in-suit. There is nothing more than a conclusory assertion of infringement in paragraphs 13-26 of the amended pleadings. Such conclusory pleading was found by the Supreme Court to be in violation of Rule 8 in its recent decision in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) ("a plaintiff's obligation to provide the 'grounds'

of his 'entitlement to relief **requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do**") (emphasis added).  *See also Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009).

With respect to the other proposed amended pleadings in the Cisco C.A. No. 09-072 case and in the Quintum C.A. No. 06-197 case, Teles and SSBG have identified no accused products whatsoever, nor have they provided any explanation or basis for their conclusory allegation that Cisco infringes the '431 patent, or that Quintum infringes the '453 or '902 patents.  Specifically, in the Cisco C.A. No. 09-072 case, Teles alleges that "Cisco manufactures and sells products and service (or components thereof) to facilitate transmission of data, such as Voice over Internet Protocol ("VoIP") data, over mobile packet switching networks or line switching networks" and that "Cisco infringes the '431 patent under 35 U.S.C. § 271 by making, using, selling, offering to sell, and/or supplying those products or service (or components thereof) for practicing the patented invention…."  *See* Teles Exhibit 2.A., §§ 11-12.  Nowhere in the Cisco C.A. No. 09-072 complaint does Teles identify any specific Cisco product.  And, in Quintum C.A. No. 06-197, Teles alleges that "Quintum has been and currently is infringing claims of the '453 patent under 35 U.S.C. § 271 by making, using, selling, and/or offering to sell telecommunications switches and gateways embodying the patented invention."  Teles Ex. 3.A, § 18 and § 24.  Nowhere in the Quintum C.A. No. 06-197 complaint does Teles identify any specific Quintum product

Neither amended pleading as proposed by Teles cures the defects in the respective complaints.  The allegations against Defendants in these pleadings are completely conclusory and insufficient under the Supreme Court's decisions.

## ARGUMENT

**I.    THE PROPOSED AMENDMENT TO ADD SSBG AS A PARTY SHOULD NOT BE GRANTED AT LEAST UNTIL TELES DISCLOSES THE FULL TERMS AND CONDITIONS OF THE ALLEGED ASSIGNMENT OF THE PATENTS TO SSBG**

Preliminarily, SSBG and Teles should not be allowed to amend the complaints without providing Defendants an unredacted copy of the agreement they rely upon to establish SSBG's ownership of the patents.  Although a complete copy of the document purporting to assign rights and interests in the patents-in-suit is clearly relevant to the question of ownership and standing, SSBG and Teles have simply refused to provide such a copy, even on an "attorneys' eyes only" basis as suggested by the Court during the September 29 conference.

Teles' position, as expressed in its Motion to Amend (page 5), is simply to assert that the redacted portions of the agreement "exclude sensitive and financial information that have nothing to do with ownership."[3]  ███████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

Similarly, Teles has also withheld all the provisions in the Preamble, and the language of two of the three definitions sections, plus what appears to be at least Section 3, Section 4, Section 6, Section 8 and Section 9 of the agreement, as well as parts of the appendix (which Teles failed to attach to its exhibit).  Thus, much of the agreement has been redacted.

---

[3]    Teles also argues that Defendants, by requesting a complete and unredacted copy of the agreement, are somehow an attempt to "leverage some sort of discovery."  To the contrary, Defendants have properly and timely served document requests seeking discovery on these and related issues, but Teles has refused to provide any information beyond the confirmation of assignment and the redacted agreement.

Teles' demand that Defendants should have to demonstrate that the language Teles and SSBG have concealed is relevant turns logic on its head. It is clearly reasonable for Defendants to see the entire agreement that is the purported basis for a significant change to the posture of this case. After all, what Teles has supposedly granted to SSBG in one paragraph may be conditioned, or limited, or restricted in another. Nor should Defendants simply have to accept counsel's representation that the rest of the agreement is irrelevant. SSBG has the burden of proving its ownership of the patents as an element of its case. *TM Patents, L.P. v. Int'l Business Machines Corp.*, 121 F. Supp. 2d 349, 367 (S.D.N.Y. 2000); *Katz v. Lear Siegler, Inc.*, 1993 WL 262564 *3, 5 F.3d 1502 (Fed. Cir. 1993) (table op.). Both logic and the doctrine of completeness requires that Defendants be given the opportunity to review the entire agreement, which presumably SSBG will rely upon at trial. Fed. R. Evid. 1002.

Nor is there any merit to Teles' and SSBG's "concern about the potential misuse Defendants would make" of the contents of the agreement, even if the redacted portions do include financial information about the transfer.[4] Motion to Amend at 5. At a minimum, Fed. R. Civ. P. 26(b)(1) counsels in favor of production of the agreement in unredacted for as relevant information includes information that "appears reasonably calculated to lead to the discovery of admissible evidence." Here, not only will the withheld financial information confirm the ownership of the patents and the relationship between Teles and SSBG, the financial terms themselves may be relevant to establishing witness bias on the part of Prof. Schindler. Measured against the clear relevance of the information Teles is hiding, Teles' self-serving allegations

---

[4]     Such financial information could be relevant to ownership if the transfer of ownership is conditioned on the payment of monies, for example, and could also be relevant to other issues that may be considered ultimately in this case, including the proper valuation of the patent rights and for settlement purposes.

about "misuse" by Defendants counsel are simply insulting. There is a protective order in place that can restrict the information to outside counsel's eyes only, and can also – if appropriate – ensure that any information in the agreement is not misused. Teles has simply provided no ground for refusing to produce an unredacted copy of the agreement or any other related discovery in response to Defendants' legitimate requests.

## II.    THE PROPOSED AMENDED PLEADINGS ARE IMPROPER BECAUSE TELES WOULD REMAIN AS A PLAINTIFF, AND DEFENDANTS SHOULD NOT BE RESTRICTED IN THEIR ABILITY TO TAKE DISCOVERY FROM TELES SIMPLY BECAUSE TELES HAS TRANSFERRED OWNERSHIP TO ITS PARENT HOLDING COMPANY, SSBG

In addition, the proposed amended pleadings submitted by Teles are improper because Teles seeks to remain a party to these cases even though it does not identify *any* interest it possesses that would continue to provide it standing to sue on any of the three patents-in-suit. Teles and SSBG have stated that SSBG is the current owner of the patents, and that the assignment documents "leave no doubt that Teles transferred all past, present and future rights in the patents-in-suit" to SSBG. Motion to Amend at 3. If so, Teles has no standing to remain as a party plaintiff in this case, and should not be named in the pleadings as a party. As noted above, its allegation that it now has a non-exclusive license from SSBG does not provide standing to sue. *Sicom*, 427 F.3d at 976; *Schreiber Foods*, 402 F.3d at 1202-03.

Teles cites no legal authority for remaining a party in these cases, but instead essentially admits (at page 7, n.18) that, if its allegations that SSBG owns the patents are true, then it lacks standing. Teles states that it "need not remain a party in the case once SSBG is added," but says that "it is hesitant to be dismissed as a party in the event that Defendants have some unarticulated plan to challenge whether Teles is a necessary party to this litigation." *Id.* That concern, however, does not provide standing to Teles. If SSBG is allowed into the case as

the alleged new owner, Teles is not a proper party based on Teles' own allegations. Moreover, leaving Teles in the case as a party could prejudice the Defendants by confusing the jury into thinking that Teles has some rights in the patents and/or some right to relief. Teles and SSBG have apparently chosen to transfer the ownership of the patents from Teles to its parent holding company, and during the pendency of these cases. Such a transfer has consequences for the nature of the relief that SSBG can obtain. *See Poly-America, L.P. v. GSE Lining Tech., Inc.*, 383 F.3d 1303, 1311 (Fed. Cir. 2004) (patentee cannot recover lost profits on sales of product made by related corporation); *Rite-Hite Corp. v. Kelley Co., Inc.,* 56 F.3d 1538, 1551 (Fed. Cir. 1995); *Voda v. Cordis Corp.*, 536 F.3d 1311, 1329 (Fed. Cir. 2008) (affirming denial of permanent injunction where non-practicing patent owner failed to show that infringement caused *him* irreparable injury).

The catch-22 that Teles and SSBG are trying to create for the Defendants, however, is that they have threatened that if Defendants do not agree to allow Teles to remain in the case despite its lack of standing, then Teles may not respond to the long-standing discovery that Defendants have served on it as a party (including document requests, interrogatories, and deposition notices, apparently) but will force Defendants to go through the Hague Convention to get any discovery from Teles. *See* Teles Ex. 6 at 2 (quoted above). Defendants have long-outstanding discovery requests and deposition notices seeking discovery from Teles and its witnesses in all three of the pending cases. Defendants have had difficulty getting Teles to produce critical information (such as the still pending issue of Teles' emails and inequitable conduct discovery), and right are now trying to schedule depositions of the Teles employees, officers and witnesses. Teles' and SSBG's threat to pull the plug on such discovery at a time

when the fact discovery cut off is fast approaching – and no depositions have yet been taken – would severely prejudice the Defendants.

Defendants submit that the Court should prohibit Teles and SSBG from gaming the system in this way by changing the posture of this case almost four years into the litigation. SSBG allegedly "own[s] a controlling interest in Teles," and SSBG's sole shareholder Prof. Schindler is the CEO of Teles. *See, e.g.,* Teles Ex. 1.A at ¶ 6. SSBG thus has control over Teles and its documents and witnesses, and all those documents and witnesses continue to be within the scope of proper discovery from either Teles or SSBG as a result of that control relationship. *Afros v. Krauss-Maffei*, 113 F.R.D. 127, 131 (D. Del. 1986); *In re Richardson-Merrell, Inc.*, 97 F.R.D. 481, 483 (D.C. Ohio 1983) (holding that "plaintiffs may obtain discovery of documents in the care, custody or control of subsidiaries"); *Transcontinental Fertilizer Co. v. Samsung Co*., 108 F.R.D. 650, 652 (E.D. Pa. 1985) (requiring Korean corporation defendant to obtain information from American subsidiaries in response to plaintiff's interrogatories, or to state specifically why requested information could not be obtained, since corporation must supply information in hands of its agents or others within corporation's control); *Brunswick Corp. v. Suzuki Motor Co.*, 96 F.R.D. 684, 686 (E.D. Wis. 1983) (requiring foreign corporation defendant to disclose financial and personnel details of its subsidiaries, reasoning that subsidiaries were sufficiently under defendant's control to render information available to defendant even though it maintained that its subsidiaries were separate independent entities under United States law and had individual control over their own day-to-day operations). This applies to both domestic and foreign subsidiaries."[5] Even if Teles argues that somehow its documents or witnesses are no

---

[5]    *Heraeus Electro-Nite Co. v. Midwest Instrument Co., Inc.*, 2006 WL 3004877 *2 (E.D. Pa. Oct. 18, 2006): "In *Gerling Intern. Ins. Co. v. C.I.R.,* 839 F.2d 131, 140-41 (3d Cir.

longer subject to discovery, the Court may exercise its supervisory authority to prohibit SSBG or Teles from manipulating the ownership of the patents in such a way as to deprive the Defendants of basic discovery rights. *Pharmacy Records v. Nassar*, 248 F.R.D. 507, 529 (E.D. Mich. 2008) (court has inherent authority to prevent bad faith conduct). Defendants ask the Court to order that discovery from Teles should continue as if Teles were a party, and also to preclude Teles and/or SSBG from offering the testimony of any witness at trial if that witness has not been made available for deposition during fact discovery after a timely request from Defendants.

## III. TELES' PROPOSED AMENDMENTS TO ADD DECLARATORY JUDGMENT CLAIMS ARE UNNECESSARY

SSBG and Teles also seek to improperly add declaratory judgment claims in order to manufacture a right to appeal a decision on liability issues on an interlocutory basis without

---

1988), the Third Circuit set out the test for when a party to the litigation can be held accountable for failing to produce discovery in the possession of a non-party. The test focuses on the relationship between the two entities. In the absence of control by the litigating corporation over documents in the physical possession of another corporation, the litigating corporation has no duty to produce the discovery, *id.,* and the location of the documents, whether within the territorial jurisdiction of the court or not, is irrelevant. *Marc Rich & Co., A.G. v. United States,* 707 F.2d 663, 667 (2d Cir. 1983). Where the litigating corporation is the parent of the corporation possessing the records, courts have found the requisite control where "a subsidiary corporation acts as a direct instrumentality of and in direct cooperation with its parent corporation, and where the properties and affairs of the two [were] ... inextricably confused as to a particular transaction," *Gerling* at 140 (quoting *Acme Precision Products, Inc. v. American Alloys Corp.,* 422 F.2d 1395, 1398 (8th Cir.1970)). The requisite control may also be found where the parent had the power to elect a majority of the board of directors of the subsidiary. *Gerling* at 140 (citing *In re Uranium Antitrust Litig.,* 480 F. Supp. 1138, 1152 (N.D. Ill. 1979)."

meeting the standard set forth by 28 U.S.C. § 1292(c).[6]   Contrary to SSBG's and Teles'

contention (at page 8), Defendants have not consented to these proposed amendments.[7]

SSBG and Teles rely on *E.I. DuPont de Nemours & Co. v. Phillips Petroleum

Co.*, 720 F. Supp. 373 (D. Del. 1989), as support for these proposed amendments, but that case

does not support their position.   A review of the *E.I. DuPont* case reveals that the patentee,

DuPont, did not have a claim for declaratory judgment that served as a basis for entry of a final

judgment, and did not need one for an interlocutory appeal to occur.   In fact, it was the accused

infringer, Phillips, that filed a counterclaim for declaratory judgment that was the basis for a

request by DuPont "for an order directing entry of a final judgment pursuant to Fed. R. Civ.

P. 54(b) on Phillip's counterclaim" after the liability phase concluded in DuPont's favor.   *Id.*

at 378.   Here, Cisco and Quintum have already filed claims for declaratory judgment on all three

of the patents-in-suit in their respective pleadings and a final judgment on Defendants' claims for

declaratory judgment can serve as a final judgment for purposes of Fed. R. Civ. P. 54(b), if

appropriate at the time.   Accordingly, given the present posture of the Cisco and Quintum cases,

SSBG and Teles' requested amendments are redundant and unnecessary.[8]

---

[6]     As detailed in Section II above, Teles does not have standing to maintain any claim based on the patents-in-suit, including the requested claims for declaratory judgment.

[7]     When SSBG and Teles refused to provide Defendants with an opportunity to review a draft of the proposed amendments, Defendant indicated "[w]ith respect to the substance of the motion, we will take a position on the entirety of the motion once we have had a chance to review it and the amended pleading."   *See* Email of September 30, 2009 from Ms. Garko to Mr. Long (Teles Ex. 6 at 2).

[8]     Moreover, SSBG and Teles' proposed amendment could enable SSBG and Teles to evade the requirements of 28 U.S.C. 1292(c), which governs interlocutory appeals, without providing the Court an opportunity to consider Section 1292(c)'s applicability to this case.   "Section 1292(c)(2) was enacted in an effort to avoid the waste of proceeding to an accounting, and then having the liability and validity orders overturned on appeal, thus rendering the accounting finding moot," expressly the circumstances SSBG and

## IV. THE PROPOSED AMENDMENT EXPANDING THE LIST OF CISCO'S "ACCUSED PRODUCTS" SHOULD NOT BE ALLOWED

Finally, the Court should not allow the proposed amended pleadings because they fail to comply with the pleading standards articulated by the Supreme Court in the *Twombly* and *Iqbal* cases. In *Twombly*, the Supreme Court confirmed that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555 (internal citations omitted). The Supreme Court recognized that although not the same as the heightened pleading standard of Fed. R. Civ. P. 9, "Rule 8(a)(2) still requires, a 'showing,' rather than a blanket assertion of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'ground' on which the claim rests. *Id.* at 556 n.3 (internal citations omitted). Earlier this year, the Supreme Court in *Iqbal* confirmed that *Twombly* applied "in all civil actions and proceedings in United States district courts," again rejected "bare assertions" as sufficient to satisfy Rule 8 and confirmed that conclusory allegations "are not entitled to be assumed true." *Iqbal*, 129 S.Ct. at 1951-53. *See also LivePerson, Inc. v. NextCard, LLC*, 2009 WL 742617 *7 (D. Del. Mar. 20, 2009); *Accenture Global Services GMBH v. Guidewire Software Inc.*, 581 F.Supp.2d 654, 663 (D. Del. 2008).[9]

_____

Teles seek to avoid. *See Magnesystems, Inc. Nikken, Inc.,* 933 F. Supp. 944, 950 n.3 (C.D. Ca. 1996) (citing *E.I. DuPont de Nemours & Co.*, 720 F. Supp. at 386).

[9]     In *Fifth Market, Inc. v. CME Group, Inc.,* C.A. No. 08-520-GMS (D. Del. May 14, 2009), Chief Judge Sleet granted a motion to dismiss a patent infringement complaint for failure to allege an infringing product. He noted that none of the claims in the complaint "contain any reference to a single infringing product or method…. Therefore, [the] complaint fails to provide the … defendants with fair notice of the claims and grounds for

**A. In Case No. 09-232, Teles Fails to Allege Sufficient Facts To Explain Any Basis for Accusing Newly Added Products That On Their Face Do Not Infringe the '902 and '453 Patents**

As discussed above, for case No. 09-232. Teles' proposed amended pleadings contain nothing more than bare conclusory assertions of infringement of the '453 and '902 patents by an expanded list of products. Teles' failure to provide any basis for alleging that these newly added products infringe either the '902 or the '453 patents is not just a formality, but is a matter of real substance in this case. Prior to suing for patent infringement, a plaintiff must "apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted." *View Eng'g. Inc. v. Robotic Vision Sys.*, Inc., 208 F.3d 981, 986 (Fed. Cir. 2000). As a result, "[i]f challenged, a patent holder bringing an infringement claim must be able to demonstrate to the court and the alleged infringer exactly why it believed before filing suit that it had a reasonable chance of proving infringement." *Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 457 (D. Md. 2005) (citing *View Eng'g.,* 208 F.3d at 986) (emphasis added).

Here, several years into these cases, Teles is still playing "hide the ball" and refuses to provide responses to infringement interrogatories that explain how or why anything but certain accused *router* products allegedly infringe any of the patents in suit. The claims at issue in the Teles patents each require, *inter alia*, a "switching apparatus" or a method for

_____

entitlement to relief, and the court will grant the … motion to dismiss." *Id*. at 2. Similarly, where a counterclaim identified allegedly infringing products as "'products, … that are used in paper-making processes …' or 'to make paper'" this Court has held that such allegations were "too vague to provide … notice of which products are accused of infringing defendant's patents." *Ondeo Nalco Co. v. EKA Chems., Inc*., 2002 WL 1458853, *1 (D. Del. June 10, 2002).

"selectively routing [or transferring] data [or a telephone call]" on either a packet-switched network or a circuit-switched network.  The invention described in the Abstract is "[a] method for transferring data from a first switch to a second switch selectively by line-switching or by packet-switching as well as … a switch for carrying out the method."  *See* Teles Ex. 1.A, Ex. A ('453 patent).  In response to the Court's directive at the September 29 conference that Teles should supplement its infringement contention interrogatory responses to identify more fully the basis for its contentions, Teles served supplemental responses on October 13, 2009.  These supplemental responses, like their predecessors, still describe as infringing products only certain router or gateway products.  *See, e.g.,* Teles' Preliminary Infringement Chart (October 13, 2009) at p. 2-3 ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ (attached hereto as Exhibit A).[10]

Even in these supplemental responses, Teles has provided no explanation why the additional products that Teles is now trying to add to its pleadings infringe.  Thus, not even Teles has disclosed any basis for accusing the following newly added products:  Cisco High Density Analog Modules, Foreign Exchange Modules, Other Voice and Interface Modules, Wireless Interface Modules, CallManager and CallManager Express software, Cisco Survivable Remote Telephony software, MCS 7800 Servers; MCS 6700 Servers, ICS 7750 Servers; Catalyst Express 500, 3560, 3770 and 4500 Switches, Cisco IP Phones, Gateways, Analog Telephone Adapters,

---

[10]    Moreover, even as to those products, Teles has failed to provide citations to the documents or other evidence on which it relies to show infringement.  Although Teles has cited a handful of documents for certain claims, even in those claims it provides no evidentiary citation for critical allegations, and with respect to certain other claims has provided no citation at all to any evidence to show how certain limitations are met.

ISDN Adapters/Modules, and Wireless Access Points. Teles has never provided _any_ allegation or claim chart showing how any of these products meet the claim limitations of even a single claim. Indeed, in its recent "Teles Submission to the Court Regarding Commercial Success Evidence Pursuant to the Court's September 29, 2009 Instructions to the Parties." [D.I. 176 (09-232), 92 (09-072)], Teles essentially admitted that one of the products now listed in the amended pleadings – Cisco IP phones – does not infringe itself, but really is only an ancillary product that might be sold "as a result of the sale of ***a VoIP-enabled router*** that implements a PSTN Fallback feature covered by asserted patent claims." *Id.* at 3 (emphasis added). The Cisco IP phones, like the other products that Teles seeks to add in its amended pleadings, do not infringe the patents, and Teles should not be permitted under the law of *Twombly* and *Iqbal* to include them as "accused" products when it cannot even allege a basis for infringement by those products.

In short, Teles' proposed amended pleadings for No. 09-232 fail to meet the Rule 8 standards. Requiring Teles to comply with the pleading requirements of *Twombly* and *Iqbal* will force Teles to limit its pleadings to those products that it actually has a plausible basis to accuse of infringement.

>   **B.   Teles' Proposed Amended Pleadings for No. 09-072 and No. 06-197 Should Not be Allowed Because They Fail To Identify Any Infringing Products or Method**

Teles has included even fewer allegations in its proposed complaint in No. 09-072 (based on the '431 patent against Cisco) and in No. 06-197 (based on the '902 and '453 patents against Quintum). In those pleadings, Teles has not provided any list of accused products, much less provided any explanation for its conclusory allegations of infringement by Cisco and

Quintum.[11]  Again, even Teles' supplemental interrogatory responses with respect to the '431 patent by Cisco in No. 09-072 fail to describe any basis for alleging infringement against any products besides the above-referenced routers.  Teles has never articulated why the other products newly listed in the proposed amended pleadings for No. 09-232 infringe any claim of the '431 patent.

Both of Teles' proposed amended complaints in No. 09-072 and in 06-197 provide a textbook example of a Complaint that asserts "the-defendant-unlawfully-harmed-me" without sufficient factual support.  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Accordingly, the failure to identify a single product or method alleged to infringe is fatal to its claims.  Teles' deficient pleadings are made worse by its blatant refusal detail its infringement allegations during discovery leaving Defendants guessing as to the full list of accused products and the basis for infringement.  Teles' failure to cure these deficiencies even based on all of the information available to it during discovery is telling and warrants dismissal at this stage.

## CONCLUSION

For the foregoing reasons, Teles' motion to amend should be denied.

---

[11]    Teles' proposed amended pleadings in these actions generically refer to "products and service (or components thereof) to facilitate transmission of data, such as Voice over Internet Protocol ("VoIP") data, over mobile packet switching networks or line switching networks" and "sell telecommunications switches and gateways" without ever identifying which of Cisco and Quintum's specific products are alleged to infringe any of the patents-in-suit.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
*Attorneys for Cisco Systems, Inc. and Quintum*
*Technologies, LLC*

OF COUNSEL:

J. Anthony Downs
Lana S. Shiferman
GOODWIN PROCTER LLP
53 State Street
Boston, MA  02109
(617) 570-1000

October 19, 2009 – Original Filing Date
October 27, 2009 – Redacted Filing Date
3183967

## CERTIFICATE OF SERVICE

I certify that on October 27, 2009, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Tiffany Geyer Lydon, Esquire
> ASHBY & GEDDES

I further certify that I caused copies to be served upon the following on October 27, 2009 in the manner indicated:

### BY ELECTRONIC MAIL

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Tiffany Geyer Lydon, Esquire
> ASHBY & GEDDES
> 500 Delaware Avenue, 8th Floor
> Wilmington, DE 19801

### BY ELECTRONIC MAIL

> David W. Long, Esquire
> Mark L. Whitaker
> HOWREY LLP
> 1299 Pennsylvania Avenue, N.W.
> Washington, D.C. 20004

*/s/ Rodger D. Smith II*

_____

Rodger D. Smith II (#3778)