# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

November 9, 2009

The Honorable Leonard P. Stark
United States District Court
844 King Street
Wilmington, Delaware 19801

Re: *Teles AG Informationstechnologien v. Cisco Systems, Inc.*,
C.A. No. 09-072-SLR

*Cisco Systems, Inc. v. Teles AG Informationstechnologien*,
C.A. No. 09-232-SLR

Dear Judge Stark:

Pursuant to the parties' discussion with the Court on November 6, 2009, and the Court's instruction for Teles and Cisco to present their discovery issues, Teles hereby submits this letter concerning discovery issues. The parties met and conferred and have been unable to reach agreement as to the issues presented below.

**Cisco's Invalidity Contentions**. Cisco's invalidity contentions (response to Teles Interrogatory No. 2 attached hereto as Exhibit 1) are deficient for several reasons.

First, Cisco does not state which asserted patents claims Cisco contends are anticipated (and by which reference) and which claims Cisco contends would have been obvious (and by what combination of references). For example, under the heading "Anticipation (35 U.S.C. § 102)," Cisco only lists references which purportedly "anticipate one or more of the Asserted Claims" without indentify which claims are alleged to be anticipated. Cisco attaches claim charts for some claims and references, but those claim charts do not identify whether the claims are alleged to be anticipated or rendered obvious based on the prior art.

Second, Cisco fails to provide sufficient contentions as to obviousness. A patent claim would have been obvious under 35 U.S.C. § 103 "[i]f the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." Obviousness is a legal question, based on underlying factual

{00350603;v1}

The Honorable Leonard P. Stark
November 9, 2009
Page 2

determinations. *Eisai Co. Ltd. v. Dr. Reddy's Labs., Ltd.*, 533 F.3d 1353, 1356 (Fed. Cir. 2008). These factual determinations include: "1) the scope and content of the prior art, 2) the level of ordinary skill in the art, 3) the differences between the claimed invention and the prior art, and 4) evidence of secondary factors, also known as objective indicia of nonobviousness." *Id.*

"[I]t can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does. This is so because inventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known." *KSR Int'f Co. v. Telejlex Inc.*, 550 U.S. 398, 418-419 (2007). To establish that a patent claim is obvious, Cisco must show "by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success in doing so." *Proctor & Gamble Co. v. Teva Pharms. USA, Inc.*, 566 F.3d 989, 994 (Fed.Cir.2009) (quoting *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1361 (Fed.Cir.2007)).

Here, Cisco does not provide an adequate basis for its allegations. In fact, Cisco does not provide any information to support its claim of obviousness. Cisco merely states that a myriad of alleged prior art references can be combined followed by a conclusory, blanket statement that the unidentified combinations would have been obvious because they "all discuss the same approach to solving issues associated with the cost and potential delay of transmitting data packets over a packet network; and concern the protection of quality of service of data transmissions over a packet-switching network." This bare statement falls far short of the requirements for contending invalidity based on obviousness. Similarly, Cisco provides a bare list of references purporting to disclose "a mobile phone communicating over a packet switched network" and states only that each such reference "can be combined with a single or multiple references to read on the asserted claims of the '431 patent." Cisco provides no indication of what specific disclosure in each references is being considered, which references may be combined with which, or how such combination would occur. Cisco provides similarly inadequate reference lists for concepts such as "multiplexing over a line switched connection."

Teles respectfully requests that the Court order Cisco to:
- State which claims are anticipated (and by which reference)
- Identify level of skill in the art
- Disclose where in each reference the patent claims are alleged to be disclosed
- Identify evidence of secondary factors
- Identify the motivation to combine the teachings of prior art references and the source of such references

The Honorable Leonard P. Stark
November 9, 2009
Page 3

Respectfully,

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon

Attachment

c:     Jack Blumenfeld, Esquire (by hand; w/attachment)
       Lana S. Shiferman, Esquire (via electronic mail; w/attachment)
       David W. Long, Esquire (via electronic mail; w/attachment)

{00350603;v1}